UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GENERAL JURISDICTION DIVISION

CARLOS ALVAREZ,

Case No. _____

Plaintiff,

vs.

AMERICAN CONSTRUCTION SERVICES,
INC., a Florida Profit Corporation, and
AELKIN Y CADAGAN, individually,

Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, CARLOS ALVAREZ (hereinafter "ALVAREZ"), by and through his undersigned counsel, and files this Complaint against AMERICAN CONSTRUCTION SERVICES, INC. (hereinafter "ACS"), and AELKIN Y CADAGAN (hereinafter "CADAGAN") (collectively "the Defendants"), and in support alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and brought by ALVAREZ to recover from ACS and CADAGAN unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

2. ALVAREZ is over the age of 18, resides in Broward County, Florida at 9001 WILES ROAD, APT 304, CORAL SPRINGS, FL 33067, and is otherwise *Sui Juris*.

3. Defendant, ACS, at all relevant times, is a Florida Corporation with its principal place of business located at 1027 NW 31ST AVENUE, #1027, POMPANO BEACH, FL 33069

and whose registered agent is AELKIN Y CADAGAN, also located at 1027 NW 31ST AVENUE, #1027, POMPANO BEACH, FL 33069.

4. Defendant, CADAGAN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ACS.

5. The Defendants' business activities involve those to which the Fair Labor Standards Act applies.

6. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

7. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

8. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

9. Upon information and belief ACS's gross sales or business exceeded $500,000.00 for the relevant time periods alleged in this complaint.

10. All of the relevant events alleged in this complaint occurred in Dade County.

## COMMON FACTUAL ALLEGATIONS

11. From approximately October, 2012 through September 2014, ALVAREZ worked for ACS as a painter.

12. ALVAREZ was compensated at a rate of $15.00 per hour for all of his performed work for ACS.

13. ALVAREZ was supposed to be compensated at a rate of $22.50 per hour for all work performed in overtime.

14. ALVAREZ only received the amount necessary to be compensated for his first 40 (forty) hours of work per week, and was not paid overtime as required by state and federal law.

15. During the period from approximately October 2013 through September 2014, Alvarez worked a total of 650 hours in excess of his regular forty (40) hour work week.

16. In total, ALVAREZ did not receive approximately $29,250.00 in wages for the work that he performed for ACS from approximately October 2012 through September 2014.

17. Defendant committed a willful or reckless disregard violation of the Fair Labor and Standards Act when they did not pay ALVAREZ his overtime wages.

## COUNT I: VIOLATION OF THE FAIR LABOR SANDARDS ACT
## (OVERTIME WAGE VIOLATION)

18. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 17.

19. This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

20. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216 (b).

21. 29 U.S.C. § 207 (a) (1) requires that employers compensate an employee at least at one and a half times the employee's regular rate for hours an employee works in excess of forty (40) hours in any work week.

22. From approximately October 2012 through October 2014, ALVAREZ worked approximately one thousand three hundred (1,300) hours in excess of the forty (40) hour work week for ACS.

23. Defendants did not pay Alvarez at all for the 1,300 hours that Alvarez worked in excess of the forty (40) hour work week for ACS.

24. As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, ALVAREZ should have been paid at a rate of $22.50 per hour by the Defendants for the approximately 1,300 hours that ALVAREZ worked in excess of the forty (40) hour work week for ACS.

25. In total, Defendants were required to pay ALVAREZ approximately $29,250.00 for the approximate 1,300 hours that ALVAREZ worked in excess of the forty (40) hour work week for ACS.

26. As a result of the Defendants willful failure to pay ALVAREZ at the proper rate of pay for the approximate 1,300 hours that ALVREZ worked in excess of the forty (40) hour work week for ALVAREZ, Defendants have violated the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* when ALVAREZ was not paid approximately $29,250.00.

27. Furthermore, ALVAREZ demanded the $29,250.00 due as a result of Defendant's violation of the Federal Overtime Wage requirements of the FLSA through a letter by ALVAREZ's counsel, but Defendants never responded to this demand with these unpaid wages.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: UNJUST ENRICHMENT

28. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 17.

29. ALVAREZ conferred benefits to Defendant in that he provided labor to the company and other valuable services for which employers would usually pay a person for.

30. Defendant voluntarily accepted and retained the labor and/or services that ALVAREZ provided.

31. The circumstances are such that it would be inequitable for the Defendant to retain the benefits without paying thereof to ALVAREZ for the following reasons:

    a. The Defendant knew that ALVAREZ expected payment for the labor and/or services that he provided to them;

    b. The labor and/or services that ALVAREZ provided to Defendant are the kind that an employer would regularly compensate an employee for; and

    c. The Defendant profited from the labor and/or services that ALVAREZ conferred to them.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendant, pursuant to Fla. Stat. § 448.110 and Fla. Stat. § 448.08, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with

Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, Florida 33126
Telephone: (305) 266-1150
Facsimile: (305) 266-1151
Primary Email: nina@coronapa.com
Second Email: jcastro@coronapa.com

By: _____
RICARDO R. CORONA, ESQ.
Florida Bar No.: 111333
NINA TARAFA, Esq.
Florida Bar No.: 12178