UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-24528-UU

CARLOS ALVAREZ, on his own
Behalf,

     Plaintiff(s),

v.

AMERICAN CONSTRUCTION
SERVICES, INC., *et al.,*

     Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND FOR DISMISSAL OF THIS ACTION *WITH PREJUDICE*

Plaintiff, Carlos Alvarez ("Plaintiff") and Defendants, American Construction Services, Inc. and

Aelkin Cadagan ("Defendants") (collectively the "Parties") by and through their undersigned

counsel and pursuant to Rule 7.1 of the Local Rules of the United States District Court for the

Southern District of Florida, hereby move the Court for approval of the Settlement Agreement and

Full and Final General Release (the "Settlement Agreement") entered into between the Parties and

for dismissal of this action *with prejudice* (the "Joint Motion") attached as Exhibit A. The

Settlement Agreement in no way constitutes an admission of liability by either party; the

consideration paid pursuant to same is a mutually agreeable resolution of Plaintiff's claim. The

settlement is fair, reasonable and equitable to all Parties involved in this litigation. Attorney's fees

were agreed upon separately and without regard to the amount paid to Plaintiff. Out of the $26,000

paid in settlement by Defendants, $6,000 will be allocated to attorney's fees and costs. Attorneys'

fees and costs included in the settlement are fair and equitable as supported by the Affidavit of

Attorney Nina Tarafa attached hereto as Exhibit B. Both Parties have consented to the submission

1

of this Joint Motion to the Court and respectfully seek Court approval of the Settlement Agreement and dismissal of this action *with prejudice*. In support therefore, the Parties submit the following incorporated Memorandum of Law.

## MEMORANDUM OF LAW

The two circumstances in which FLSA claims may be compromised are: (i) when supervised by the Secretary of Labor pursuant to 29 U.S.C., § 216(c); and, (ii) when a Court reviews an approved settlement in a private action for back wages under 29 U.S.C. § 216(b). Lynn's Food Stores, Inc. v. United States, U.S. Dep't. of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982). If a settlement in an employee's FLSA suit reflects a fair resolution of the issues, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354.

In approving FLSA settlements, Florida's federal district courts have considered factors generally used in approving the settlement of class actions, including the following (among others): (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and lengthy duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of Plaintiff s success on the merits; and (v) the range of possible recovery. See Marcum v. Covert Consultants, Inc., 2006 WL 1626987 *2 (M.D. Fla. 2006) (citing Leverso v. Lieberman, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994)). When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair. Cotton v. Hinton, 559 F. 2d 1326, 1331 (5th Cir. 1977).

In this case, the Parties respectfully request judicial approval of the Settlement Agreement because there is no fraud or collusion in the settlement of this action and a settlement of this matter will prevent expensive, protracted, and uncertain litigation. Although this case is in its

2

infancy, the Parties have been able to assess each of their respective positions, as well as each other's, and have each decided that it is in their respective best interest to resolve this matter by settlement rather than by trial.

**WHEREFORE**, based upon the foregoing, the Parties respectfully request this Court grant their Joint Motion for Approval of Settlement Agreement, approve and affirm the Settlement Agreement, dismiss the above-referenced action *with prejudice*, and grant such other and further relief this Court deems just and proper.

Respectfully submitted this 11th day of February, 2016.

CORONA LAW FIRM, P.A.
*Counsel for Plaintiff*
3899 NW 7th St, Second Floor
Miami, Florida 33126
Telephone: (305) 266-1150
Facsimile: (305) 266-1151

CIKLIN LUBITZ & O'CONNELL
*Counsel for Defendants*
515 N. Flagler Dr. – 20th Floor
W. Palm Beach, FL 33401
Tel:  561.832.5900
Fax:  561.833.4209

s/ Nina Tarafa, Esq.
Nina Tarafa, Esq.
Fla. Bar No. 12178
nina@coronapa.com

s/ Matthew N. Thibaut, Esq.
Matthew N. Thibaut, Esq.
Fla. Bar No. 00514918
mthibaut@ciklinlubitz.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties identified on the attached Service List via electronic mail on this 11th day of February, 2016.

/s/ Matthew N. Thibaut, Esq.

### SERVICE LIST

*Counsel for Plaintiff:*
CORONA LAW FIRM, P.A.
Nina Tarafa, Esq.
nina@coronapa.com
3899 NW 7th St, Second Floor
Miami, Florida 33126
Telephone: (305) 266-1150